%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LEE H. PLACCHI

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 4/8/11

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __702 Turner Ave., Las Cruces, New Mexico, 88005__

Address of Defendant: __507 Prudential Rd., Horsham, PA 19044__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases __15 U.S.C. 1692__
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Craig Thor Kimmel__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __4/8/11__    __Craig Thor Kimmel__    __57100__
                     Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/8/11__    __Craig Thor Kimmel__    __57100__
                     Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lee H. Placchi                    :         CIVIL ACTION
        v.                        :
NCO Financial Systems, Inc.       :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

4/8/11            Craig Thor Kimmel            Lee H. Placchi
Date              Attorney-at-law              Attorney for

215-540-8888      877-788-2864                 Kimmel@creditlaw.com
Telephone         FAX Number                   E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE H. PLACCHI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | COMPLAINT AND DEMAND FOR |
| ) | JURY TRIAL |
| Defendant ) | |
| ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

LEE H. PLACCHI ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

- 1 -

PLAINTIFF'S COMPLAINT

## PARTIES

6. Plaintiff is a natural person residing in Las Cruces, New Mexico, 88005.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt

collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15.  At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16.  The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in May of 2010, Defendant and its employees engaged in debt collection activities seeking payment from Plaintiff.

18. Defendant called Plaintiff's mother in search of Plaintiff on multiple occasions including but not limited to, May 15, 2010; May 18, 2010; May 19, 2010 at 8:47a.m.; 7:30p.m. and 8:00p.m.; May 20, 2010 at 10:59a.m.; 7:30p.m. and 8:00p.m.; and May 21, 2010 at 5:27p.m. from the following phone numbers (215) 441-3000, (800) 260-5570. The undersigned has confirmed that the number belongs to Defendant.

19. Defendant was pushy with Plaintiff's mother, demanding to know: "is Lee there?" and "how can I reach him?"

20. At least once On May 20, 2010 when Plaintiff's mother answered the Defendant's call she heard: "all our associates are currently unavailable", indicating that a robo-dialer was making the calls.

21. Defendant's constant calls to Plaintiff's mother caused her unnecessary stress and concern.

22. On May 21, 2010, Plaintiff received six (6) collection calls from Defendant.

23. Defendant contacted Plaintiff on May 22, 2010 before 8:00 o'clock in the morning and continued to call every couple hours thereafter.

24. Defendant and its employees harassed Plaintiff by making continuous calls to his home telephone number/work telephone number.

25. Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times, more than four (4) collection calls a day.

26. Defendant contacted Plaintiff on May 23, 2010 after 9:00 o'clock at night.

27. On May 23, 2010 Defendant called Plaintiff, but refused to tell Plaintiff the reason for the call until Plaintiff provided the last four digits of his social security number.

28. At no time did Defendant discuss with Plaintiff the amount of money that was allegedly owed.

29. Defendant went on to tell Plaintiff that this unpaid debt would affect his credit rating.

30. Plaintiff received twenty (20) collection calls within the month of May 2010.

31. On or around May 25, 2010, Plaintiff received a letter from Defendant dated May 19, 2010. A true and correct copy of the May 19, 2010 letter is attached hereto as Exhibit "A".

32. Defendant's letter informed Plaintiff that his "Capital One Bank (USA), N.A." account had been turned over to Defendant for collection.

33. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

34. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

35. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit

& Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

36. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

### COUNT I
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

37. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692b(2) of the FDCPA by stating the Plaintiff owed a debt to another person, specifically Plaintiff's mother;

    c. Defendant violated § 1692b(3) of the FDCPA by communicating with Plaintiff's mother more than once about a debt alleged to be owed by

Plaintiff;

d. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted the Plaintiff at an unusual time or place or a time and place known or should be known to be inconvenient to the Plaintiff in connection with the collection of a debt; specifically in the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

e. Defendant violated § 1692c(b) of the FDCPA by communicating with Plaintiff's mother about a debt alleged to be owed by Plaintiff without Plaintiff's prior consent;

f. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

g. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

h. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

i. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, LEE H. PLACCHI, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LEE H. PLACCHI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4/8/11

KIMMEL & SILVERMAN, P.C..

By: _____

Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PO Box 12100
DEPT 64
Trenton, NJ 08650

**NCO FINANCIAL SYSTEMS INC**

4740 Baxter Road
Virginia Beach VA 23462

1-800-260-5570
OFFICE HOURS (ALL TIMES EASTERN)
8AM-11PM MON THRU THURSDAY
8AM-9PM FRIDAY
8AM-5PM SATURDAY
9AM-8PM SUNDAY
May 19, 2010

2001XJ
LEE H PLACCHI

830-OSJ-793

Creditor: CAPITAL ONE BANK (USA), N.A.
Account #:                              6495
Total Balance: $3152.70

The above named creditor has placed this account with our office for collection. It is important that you forward payment in full.

Send payment in full to your creditor at the address listed below. If you need to speak to a representative, contact us at 1-800-260-5570.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

**IF THE STATUTE OF LIMITATIONS HAS EXPIRED YOU CANNOT BE SUED ON THIS DEBT.**

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

---
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)
---

0000000 0

6495 00 0000000000000000000

| Total Balance: | $ 3152.70 |
|---|---|
| Total enclosed | $ |

Please print address changes below using blue or black ink

Street _____ Apt. #
City _____ State _____ ZIP
Home Phone _____ Alternate Phone

CAPITAL ONE BANK (USA), N.A.
PO Box 71083
Charlotte NC 28272-1083

2001XJ
LEE H PLACCHI



NCOP F9
793